# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER DIAWARA et al., | : | |
| *Plaintiffs*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES et al., | : | No. 18-3520 |
| *Defendants*. | : | |

## **MEMORANDUM**

PRATTER, J.                                                                                                                              APRIL 2, 2019

Jennifer Diawara, Alpha Diawara, and their two minor children, J.D. and R.D., assert claims against the United States and Amanda Galbreath, a driver for the United States Postal Service, alleging injuries resulting from a car accident involving the Diawaras and Ms. Galbreath. The defendants filed a partial motion to dismiss, making three assertions:

(1) The dismissal of Ms. Galbreath because only the United States is a proper defendant under the Federal Torts Claim Act ("FTCA");

(2) The striking of the plaintiffs' jury demand because, under the FTCA, they are entitled only to a non-jury trial; and

(3) The dismissal of Mr. Diawara's loss of consortium claim on jurisdictional grounds because the plaintiffs allegedly failed to present his loss of consortium claim to the Postal Service prior to the commencement of this lawsuit, as required by the FTCA.

The Diawaras agree that Ms. Galbreath is not a proper defendant and that they are limited to seeking a non-jury trial. Thus, the only issue remaining before the Court is whether the plaintiffs properly presented Mr. Diawara's loss of consortium claim to the Postal Service. Because they failed to properly notify the Postal Service of Mr. Diawara's loss of consortium claim and failed to identify the damages sought as to that claim, the Court will dismiss the loss of consortium claim.

## BACKGROUND

### I. The Underlying Car Accident

In August 2015, Jennifer Diawara and her two minor children, J.D. and R.D., were passengers in a car driven by Alpha Diawara, her husband, traveling on Route 63 in Columbia, Missouri. Complaint at ¶ 6. The Diawaras claim that Amanda Galbreath, who was driving in her capacity as a United States Postal Service worker, rear-ended their car. *Id.* They allege, among other things, that Ms. Galbreath's "negligence, carelessness and recklessness" caused Mrs. Diawara to sustain "severe and debilitating injuries to her body and limbs." *Id.* at ¶ 8. They further allege that, as a result of these injuries, she continues to suffer "aches, pains, mental anxiety, anguish and severe shock through her nerves and nervous system" and "may in the future undergo severe pain and suffering." *Id.* at ¶ 9. The Diawaras make similar allegations on behalf of J.D. and R.D. *Id.* at ¶¶ 14–25.

Although Mr. Diawara did not suffer any personal injuries as a result of the accident, the plaintiffs claim that he "has been deprived of the services, companionship, support, assistance, society, comfort, happiness and other marital expectations" of Mrs. Diawara, and they assert a loss of consortium claim on his behalf. *Id.* at ¶ 28.

### II. The Presentment of Claims to the Postal Service

It is undisputed that, prior to the commencement of this lawsuit, the Diawaras' counsel submitted three claim forms—Standard Form 95s—to the Postal Service. In Section 2 of the first Standard Form 95, which requests the "[n]ame, address of claimant, and claimant's personal representative, if any," the plaintiffs stated, "Jennifer Diawara and Alpha Diawara w/h [an abbreviation for wife/husband]." Exhibit B to the Defendants' Motion to Dismiss. Under "Basis of Claim," the plaintiffs stated that "[t]his was a motor vehicl[e] collision when a USPS vehicle

operated by Amanda Galbreath rear ended the vehicle occupied by the claimant." *Id.* They listed injuries suffered by Mrs. Diawara, "including shoulder tear, cervical, thoracic and lumbar strain and sprains" and stated that "arthroscopy surgery with subacromial decompression, biceps tenotomy and rotator cuff repair" were required. *Id.* The plaintiffs claimed $850,000 in personal injury damages. *Id.* Only Mrs. Diawara signed the form. *Id.*

The Standard Form 95 does not refer to Mr. Diawara's loss of consortium claim in any way or set out how Mr. Diawara may have been injured. *See id.* The other two Standard Form 95s were submitted on behalf of J.D. and R.D and were not provided to the Court for purposes of this motion. *See* Exhibit C to the Defendants' Motion to Dismiss.

In a July 2017 letter to the Postal Service, Jerry A. Lindheim, the plaintiffs' counsel, stated that he was "retained to represent Jennifer and Alpha Diawara [and the children] in connection with a claim for personal injuries they suffered as the result of an accident . . . ." *Id.* He continued that "pursuant to the Federal Tort Claims Act . . ., I am enclosing" Jennifer Diawara's Standard Form 95 and medical records, and Standard Form 95s and medical records for the children. *Id.* Although Mr. Lindheim's letter mentions Mr. Diawara, it does not mention or enclose a Standard Form 95 being submitted on his behalf or his loss of consortium claim in any way. *See id.*

## DISCUSSION

### I. Jurisdiction and Standard of Review

#### A. *Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges "the existence of subject matter jurisdiction in fact." *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Unlike a motion to dismiss pursuant to Rule 12(b)(6), under Rule 12(b)(1) the Court does not presume the truthfulness of the plaintiff's allegations, and

the plaintiff bears the burden of persuading the Court of the existence of jurisdiction. *Siravo v. Crown, Cork, & Seal Co.*, Civ. No. 06-4308, 2007 U.S. Dist. LEXIS 27675, at *3 (E.D. Pa. Apr. 6, 2007) (citation omitted).

### B. *The Federal Tort Claims Act's Notice Requirement and Loss of Consortium*

Pursuant to the Federal Torts Claim Act, a plaintiff may not file a tort action against the United States in district court unless the claimant first submits a claim to the appropriate federal agency, and the claim is denied. 28 U.S.C. § 2675(a). Compliance with this procedure is jurisdictional and cannot be waived. *McDevitt v. United States Postal Serv.*, 963 F. Supp. 482, 484 (E.D. Pa. May 7, 1997) (citing *Livera v. First Nat'l. State Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir. 1989)). The Third Circuit Court of Appeals has explained that, in enacting the notice requirement, "Congress sought to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite fair settlement of tort claims asserted against the United States." *Tucker v. United States Postal Serv.*, 676 F.2d 954, 958 (3d Cir. 1982) (citation and quotations omitted).

A claimant satisfies the FTCA's notice requirement if the claimant "(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Id.* at 959. "While the contents of the claim form can be liberally construed, the filing of a 'claim' cannot be." *Dondero v. United States*, 775 F. Supp. 144, 148 (D. Del. 1991) (citing *Livera*, 879 F.2d at 1195). If multiple claimants or claims exist from one single incident, each claimant must individually satisfy all jurisdictional requirements. *Id.* (citing *Pennsylvania by Sheppard v. Nat'l Ass'n of Flood Insurers*, 52 F.2d 11, 23 (3d Cir. 1975)).

4

Because a loss of consortium claim is a separate and distinct cause of action,[1] courts have held that the party asserting a loss of consortium claim must independently satisfy the FTCA's notice requirement. *See Manko v. United States*, 830 F.2d 831, 840 (8th Cir. 1987) (dismissing a wife's loss of consortium claim because her husband's administrative claim did not notify the Government that she was asserting a loss of consortium claim or state the amount of any claim she might have); *Jensen v. United States*, Civ. No. 09-2977, 2009 U.S. Dist. LEXIS 110499, at *9 (E.D. Pa. Nov. 24, 2009) ("Numerous courts . . . [have] concluded that the FTCA requires the non-injured spouse to provide separate notice of his or her loss of consortium claim to the appropriate agency.") (citations omitted).

## II. The Plaintiffs Did Not Adequately Present Mr. Diawara's Loss of Consortium Claim to the Postal Service

The Diawaras argue that, although Mr. Diawara's loss of consortium claim was not listed on the plaintiffs' Standard Form 95 or in Mr. Lindheim's letter, "the mere presence of Plaintiffs' names and status as wife and husband gave more than sufficient notice to Defendants that Plaintiff Alpha Diawara was asserting a claim against Defendants relating to injuries sustained as a result

---

[1] Missouri law applies to Mr. Diawara's loss of consortium claim because the accident at issue occurred in Columbia, Missouri and, under the FTCA, the law of the state where the negligent acts and injury occurred controls to determine the Government's liability. *See* 28 U.S.C. § 2674; *Toole v. United States*, 588 F.2d 403, 406 (3d Cir. 1978). Under Missouri law, "'[w]hen a married person is injured, two causes of action arise: one accrues to the injured person for injuries suffered directly by him or her, and the other accrues to the injured person's spouse for damages suffered as a result of the loss of the injured person's services, society, companionship and sexual relations (loss of consortium).'" *Kingman v. Dillard's Inc.*, 643 F.3d 607, 615 (8th Cir. 2011) (quoting *Thompson v. Brown & Williamson Tobacco Corp.*, 207 S.W. 3d 76, 112–13 (Mo. Ct. App. 2006)). Although it is often said that a loss of consortium claim is "derivative" of the spouse's personal injury claim, the Missouri Court of Appeals has explained that each "'consortium claim is a separate, distinct, and personal legal claim, and is derivative only in the sense that it must be occasioned by a spouse's injury.'" *McClure v. Raymond Corp.*, 174 F. Supp. 2d 982, 985 (E.D. Mo. Nov. 21, 2001) (quoting *Wendt v. General Acc. Ins. Co.*, 895 S.W.2d 210, 213–14 (Mo. App. E.D. 1995) (en banc)).

of the [accident]." The Plaintiffs' Response in Opposition to the Defendants' Motion to Dismiss at 6. They also argue that, because no medical records were submitted for Mr. Diawara, it was clear that his claim was not for personal injuries, but rather limited in his capacity as "husband" to loss of consortium. *Id.* at 6–7.

However, the weight of authority on this issue supports the defendants' argument that the plaintiffs' references to Mr. Diawara were not enough to place the Postal Service on notice of his loss of consortium claim or establish jurisdiction in this Court under the FTCA. For example, in *Jensen v. United States*, Mr. and Mrs. Jensen sued the United States after Mr. Jensen was assaulted by other patients at a Veterans Administration Hospital. 2009 U.S. Dist. LEXIS 110499 at *2–3. Like the pending case, the Government filed a motion to dismiss, arguing that Mrs. Jensen's loss of consortium claim was not properly exhausted. *Id.* at *3. The court looked to the Standard Form 95 and other correspondence between the Jensens and the Department of Veterans Affairs to see if the plaintiffs adequately presented Mrs. Jensen's loss of consortium claim. *Id.* at *10–11. Although the court noted that Mrs. Jensen signed the Standard Form 95, that she was identified as Mr. Jensen's wife, and that Mr. Jensen's injuries were of the kind that would normally entitle a spouse to compensation for loss of consortium, it concluded that Mrs. Jensen failed to exhaust her loss of consortium claim because her description of the basis of the claim and her accompanying letter referred only to Mr. Jensen's injuries, not her own. *Id.* at *12–17. Allegations of "loss of the services, society, and conjugal affection of one's spouse, common phraseology used to describe a loss of consortium claim," were notably absent from the Jensens' Standard Form 95. *Id.* at *13.

The *Jensen* court explained that unless a federal agency "knows which individuals intend to pursue claims arising out of a particular set of facts and the nature and amount of each claim, a federal agency cannot conduct a proper investigation or evaluate realistically each claim's

6

potential for settlement." *Id.* at \*12 (citation omitted). It reasoned that "merely listing a claimant as 'married' on an administrative claim form, even when combined with allegations of serious injury, does not provide sufficient notice to the agency that the non-injured spouse intends to assert a loss of consortium claim." *Id.* at \*16 (citations omitted). The court also rejected Mrs. Jensen's argument that her letter to the VA stating that "the attached [Standard Form 95] is submitted as *our* Federal Tort Claim" put the VA on notice of her loss of consortium claim because the use of the word "our" to describe the claim did "not sufficiently serve the requirement and purpose behind having each claimant file his or her own form; namely, to allow the governmental agency to identify each claimant, the sum sought, and the injury claimed." *Id.* at \*15–16 (citation and internal quotations omitted).

The *Jensen* decision is supported by other cases in this circuit and elsewhere. *See e.g. Gland v. United States*, Civ. No. 03-1697, 2003 U.S. Dist. LEXIS 23894, at \*15 (E.D. Pa. Dec. 16, 2003) (declining to "infer constructive notice of loss of consortium claims from one single Form 95 that facially refers only to the spouse's injury"); *Dondero*, 775 F. Supp. at 150 (barring loss of consortium claim on jurisdictional grounds because it was not clearly presented and because the claimant failed to specifically request a compensation amount for the loss of consortium claim); *Manko*, 830 F.2d at 840 (loss of consortium claim not adequately presented to agency when the husband's claim form "did no more than give the government notice that [the wife] could have a claim for some undetermined sum which she might present"); *Rucker v. United States Dep't of Labor*, 798 F.2d 891, 893 (6th Cir. 1986) ("[I]dentifying a claimant's [spouse] on a Standard Form 95, without more, is not sufficient to fulfill the jurisdictional requirement . . . .") (citations omitted).

The plaintiffs attempt to distinguish these cases because the spouses were not specifically identified as claimants on the Standard Form 95s, whereas here Mr. Diawara was in fact listed as

a claimant. The plaintiffs rely primarily on *Hardiman v. United States*, in which the court held that a spouse's loss of consortium claim was sufficiently exhausted when the spouse "was specifically identified as a claimant on the form." 752 F. Supp. 52, 54 (D.N.H. 1989). In *Hardiman*, the court explained that "although [the spouse] did not state on the form that her claim was for 'loss of consortium,' it is clear from the nature of the injury alleged that this was the basis of her claim." *Id.; see also Loper v. United States*, 904 F. Supp. 863, 865 (N.D. Ind. Aug. 22, 1995) (finding that the FTCA's notice requirement for a loss of consortium claim was met where the claim form at issue identified both spouses as claimants and bore the signatures of both spouses, even though the form provided only a description of the primary plaintiff's personal injuries).

The Court is not persuaded by the *Hardiman* line of cases. As discussed above, the FTCA's exhaustion requirement was enacted so that a federal agency can determine which individuals intend to pursue claims and the nature and amount of each claim. Without a clear indication that Mr. Diawara intended to bring a claim for loss of consortium *and* the identification of the amount of damages Mr. Diawara intended to pursue, the Postal Service could not conduct a proper investigation or evaluate realistically each claim's potential for settlement or other resolution.

As the Eighth Circuit Court of Appeals explained in *Manko*, the mere identification of Mr. Diawara did "no more than give the government notice that [he] could have a claim for some undetermined sum which [he] might present." 830 F.2d at 840. And even if the $850,000 listed on the plaintiffs' Standard Form 95 included their estimate of the loss of consortium claim, the Postal Service could not realistically assess the scope of its liability if it could not "discern the relative size of each person's claim for damages." *See Jensen*, 2009 U.S. Dist. LEXIS 110499 at *9 n.5; *see also Frantz v. United States*, 971 F. Supp. 445, 453 (D. Del. 1992) (where the Standard Form 95 "merely stated a figure which aggregated all claims against all defendants in all the

8

pending actions," it provided the agency with "insufficient information to realistically evaluate the claims and consider settlement"). Moreover, at least one court in this circuit has disregarded the *Hardiman* line of cases because of the jurisdictional nature of the FTCA's notice requirement and the Third Circuit Court of Appeals' instruction that the FTCA is to be "strictly construed without exceptions based upon equitable considerations." *See Rode v. United States*, 812 F. Supp. 45, 47 (M.D. Pa. Nov. 25, 1992) (citing *Peterson v. United States*, 694 F.2d 943, 945 n.5 (3d Cir. 1982)).

The plaintiffs also rely on *Boyce v. United States*, 942 F. Supp. 1220 (E.D. Mo. Sept 16, 1996), *Betsui v. United States*, 65 F. Supp. 2d 1218 (D.N.M. 1999), and *Owen v. United States*, 307 F. Supp. 2d 661 (E.D. Pa. 2004). However, these cases are easily distinguished.

In *Boyce* and *Betsui*, the courts concluded that the plaintiffs satisfied the FTCA's notice requirement for their loss of consortium claims despite the fact the plaintiffs' Standard Form 95s did not mention loss of consortium. However, in doing so, the courts relied on correspondence between the plaintiffs' counsel and the agencies' counsel indicating that the plaintiffs were *in fact* bringing loss of consortium claims and setting out separate damages for the loss of consortium claims. *Boyce*, 942 F. Supp. at 1223–24; *Bestui*, 65 F. Supp. 2d at 1223.

In *Owen*, one of the decedent's sisters filed a Standard Form 95 with the VA, bringing a wrongful death claim on behalf of the decedent's estate. 307 F. Supp. 2d at 663–64. A second sister, who was eventually appointed as the Administratrix of the decedent's estate, filed a federal lawsuit against the United States after the VA declined the first sister's claim. *Id.* The Government argued that the second sister failed to satisfy the FTCA's notice requirement because she did not file an updated Standard Form 95 listing herself as the claimant before filing her federal lawsuit. *Id.* The court rejected this argument because the claims being asserted in the federal lawsuit were "identical to the claims set forth in the [Standard Form 95]." *Id.* at 666. Thus, "[c]hanging the

legal representative of the Estate did not alter any factors affecting settlement, including valuation of the claim, investigation of the underlying events, the applicable law, or the identity of the beneficiaries." *Id.*

Here, however, unlike *Boyce* and *Betsui*, there is no evidence of correspondence between the parties that identifies a loss of consortium claim. Nor is there any indication that the plaintiffs set out the damages associated with Mr. Diawara's loss of consortium claim. And, unlike *Owen*—where the claims asserted by the first sister in the Standard Form 95 were identical to the claims asserted by the second sister in the federal lawsuit—the addition of the loss of consortium claim here alters factors materially affecting settlement, including valuation of the claim, investigation of the underlying events, and the applicable law.

**CONCLUSION**

For the foregoing reasons, the Court will grant the defendants' motion and dismiss Mr. Diawara's loss of consortium claim. Because the two-year statute of limitations passed in August 2017, Mr. Diawara is now barred from raising his loss of consortium claim with the Postal Service, and there is no reason to grant leave to amend. *Johnson v. Agape Ministries/Agape Baptist Church*, Civ. No. 16-254, 2016 U.S. Dist. LEXIS 64540, at *9 (E.D. Pa. May 17, 2016) ("Tort claims against the United States are barred unless the claimant presents his claim in writing to the appropriate Federal agency within two years after the claim accrues.") (citing 28 U.S.C. §2401(b)). Therefore, this claim will be dismissed with prejudice.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE